IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-01015-P |
| § | |
| DENNIS L. MIGA, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

By order entered on February 19, 2021, United States District Judge Mark T. Pittman referred Defendant's Application and Memorandum to Quash Writs of Garnishment and Request for Hearing (ECF No. 37) to the undersigned pursuant to 28 U.S.C. § 636(b). On February 22, 2021, the Court conducted a telephonic status conference to schedule a hearing on the Application. Counsel for Defendant and the other parties stated that no hearing was necessary since the parties' various positions were stated adequately in the briefing on file or, in the case of the garnishees, were merely as holders of the garnished accounts at issue.

After considering the Application, Plaintiff's Response and Brief in Opposition (ECF No. 38), Defendant's Reply (ECF No. 39), and the applicable legal authorities, the undersigned **RECOMMENDS** that Judge Pittman **DENY** the Application (ECF No. 37).

In this case, the United States seeks to reduce to judgment and collect civil penalties assessed against Defendant Dennis L. Miga ("Miga") for willfully failing to report his interest in a foreign bank account as required by 31 U.S.C. § 5314 and the regulations implementing that section. ECF No. 1 at 1. The United States prays for judgment in the amount of $3,502,726.63 plus interest. *Id.* at 10. In support of its suit, the United States sought and obtained Pre-Judgment Writs

of Garnishment to Garnishees TD Ameritrade, Inc. and Charles Schwab & Co., Inc. pursuant to an ex parte order Judge Pittman entered on October 26, 2020. ECF No. 26.

In his Application, Miga seeks an order quashing the writs, arguing that the amount of the assessment against him is unconstitutional and that it vastly exceeds the $40,000.00 penalty that would apply to non-willful violations of the statute for the maximum number of years of violation at issue. ECF No. 37 at 1-2, 9-12. He further argues that there is no evidence of an imminent threat that he would conceal or secrete his property or any compelling circumstances that justify pre-judgment garnishment of the two accounts in this case. *Id.* at 12-13. In reply to the Response of the United States, he concludes that a pre-judgment garnishment that freezes $1.5 million when the maximum fine for non-willful conduct is $40,000.00 is not proper under the garnishment statute or applicable case law. ECF No. 39 at 5-7.

The United States responds that the amount of cash and other securities subject to the writs equals $1,279,958.84 and that the Court should not quash the writs as Miga requests. The government argues that Miga has a history of secreting assets and concealing his wealth in a trust. ECF No. 38 at 2. It asserts that his past efforts to hide assets, including moving money to offshore accounts as he did without duly reporting them in the case at bar, strongly suggests that there is a risk that he would attempt to put the assets subject to the writs outside of the reach of the government and the Court. *Id.* at 2-3. The government also states that Miga has recently used a trust to hide assets. *Id.* at 3-4. The United States argues that Miga is liable for knowingly violated the law regarding reporting foreign bank accounts and that his constitutional challenge to the assessments at issue is meritless. *Id.* at 2, 6-10.

Title 28 U.S.C. § 3101(b)(1)(A) provides for a prejudgment remedy "if the United States shows reasonable cause to believe that—the debtor—has or is about to assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding the

United States". If the requirements are met, the Court "may issue a writ of garnishment." *Id.* § 3104(a). The United States has presented evidence that shows such a "reasonable cause to believe" in this case.

The government has offered the opinion of the Fort Worth Court of Appeals in *Miga v. Jensen*, Nos. 02-11-00074-CV, 02-11-00167-CV, 2012 WL 745329 (Tex. App.—Fort Worth, Mar. 8, 2012, no pet.), which outlines the business dispute and ensuing litigation between the parties underlying Miga's deposit of funds in overseas bank accounts. Miga's deposition testimony further explains his efforts to "put the money outside [his former business associate's] immediate grasp" in a British Virgin Islands branch of a Liechtenstein bank. ECF No. 38-5 at page 20, lines 9-10. The parties sharply disagree on the amount of penalty that Miga ultimately may be ordered to pay in this case, and Miga is correct that he may prevail in whole or in part on his defenses to the amount of the government's assessment. However, the ultimate resolution of the case is beyond the scope of the issue of whether Judge Pittman should quash the pre-judgment garnishment writs. The evidence offered by the government shows that Miga has secreted and concealed assets in the past, and there is reasonable cause to believe that he would take steps to hinder or delay the United States as to the funds subject to the writs of pre-judgment garnishment unless those writs and the accounts subject to them are maintained as they are pending resolution of the case.

For these reasons, the undersigned **RECOMMENDS** that Judge Pittman **DENY** Miga's Application and Memorandum to Quash Writs of Garnishment and Request for Hearing (ECF No. 37).

A copy of these findings, conclusions, and recommendation shall be served on the parties and counsel in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be

specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 23, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE